# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00430-KDB-DCK

| | |
|---|---|
| PATRICE HOLLIS,<br><br>**Plaintiff,**<br><br>v.<br><br>**DISCOVER,**<br><br>**Defendant.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Defendant Discover's Motion to Dismiss (Doc. No. 11). The Court has carefully considered this motion, and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I.      LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

1

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## II. DISCUSSION

In June 2025, Plaintiff Patrice Hollis initiated this action against Discover, a credit card company. She asserts violations of state and federal law, including that Discover refused to accept or process "remittances" sent by Plaintiff to Discover to discharge her credit card debt, and for breach of contract for allegedly selling her account and private information. Doc. No. 1 at 1–2, 5–6.[1]

To the extent Plaintiff is alleging that Discover's alleged refusal to accept a "remittance" to discharge Plaintiff's debt is a cause of action, it is an impermissible "shotgun pleading." As Discover aptly explains, "[a] shotgun pleading is one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of act are intended to support which claim for relief." *Henderson v. Wells Fargo, N.A.*, No. 5:23-CV-00038-BO, 2024 WL 1376487, at *8 (E.D.N.C. Mar. 29, 2024) (quoting *Wilkinson v. Wells Fargo Bank, N.A.*, No. 3:19-cv-000580, 2020 WL 2542867, at *3 (W.D.N.C. May 18, 2020)). *See also* Doc. No. 11-1 at 6. Plaintiff fails to define what she means by "remittance," and even under a broad reading of the Complaint, she does not explain how Discover's refusal to accept it violates any state or federal law. Accordingly, this claim will be dismissed.[2]

---

[1] Without explanation as to how it relates to her case, Plaintiff also attaches to the Complaint an affidavit from an unrelated, out-of-state civil matter. *See* Doc. No. 1-2. Also in the Complaint are four pages of various definitions. Doc. No. 1 at 2–5. As with the affidavit, Plaintiff does not explain how these definitions relate to either of her claims.

[2] Although Plaintiff's "remittance" claim is unclear, it perhaps relates to Plaintiff's citation of 31 U.S.C. § 5118 for the proposition that contracts "requiring legal money such as cash, coupon, check, … are illegal and unlawful," and that "all debts today are discharged by promises to pay in the future." *Id.* Of course, Plaintiff is incorrect. 31 U.S.C. § 5118 provides for the suspension of the gold standard and, in any event, cannot be read to excuse Plaintiff's failure to pay her credit card bill. *Jenkins v. Bank of Am.*, No. CV 2:21-1147-BHH-SVH, 2021 WL 1580287, at *2 (D.S.C.

Plaintiff next alleges that Discover breached its contract with her by selling her account and private information and that, as a result, she has received harassing mail and phone calls. Doc. No. 1 at 5–6. In North Carolina, the elements of a claim for breach of contract are "(1) existence of a valid contract and (2) breach of the terms of [the] contract." *Drake v. CommScope Techs., LLC*, No. 5:24-CV-00233-KDB-DCK, 2025 WL 2814642, at *2 (W.D.N.C. Sept. 30, 2025) (quoting *Wells Fargo Ins. Servs. USA, Inc. v. Link*, 372 N.C. 260, 276, 827 S.E.2d 458, 472 (2019)). Although Plaintiff does not explicitly allege that she entered a valid contract with Discover, the Court—construing her pro se filings liberally—will assume that she had a credit card agreement with Discover during the relevant timeframe.

Even assuming a contract exists, Plaintiff's claim fails. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft,* 556 U.S. at 679. Here, Plaintiff alleges only that Discover "wrongfully" sold her account and private information, without alleging any facts showing how that conduct breached the contract. Such conclusory allegations are insufficient to sustain a breach of contract claim.

Moreover, Discover asserts that the "Cardmember Agreement" which governs the "contract," does not prohibit Discover from selling the account or its information. Doc. No. 11-1

---

Apr. 22, 2021) (citing *Holyoke Water Co. v. American Writing Paper Co.*, 300 U.S. 324, 339 n.1 (1937)). Although "other litigants have argued that [§ 5118], among other things, requires the government to discharge any personal debts," such claims, including those for "[d]ebt relief, redemption, and breach of contract … have been [universally] rejected by federal courts presented with these theories." *Id.* (first citing *Estes v. Toyota Fin. Serv.*, No. 14-CV-1300, 2015 WL 222137, at *5 (E.D.N.Y. Jan. 13, 2015); and then citing *Gravatt v. United States*, 100 Fed. Cl. 279, 283, 286-88 (2011)).

4

at 7. Indeed, the Cardmember Agreement attached to Discover's Motion to Dismiss—whose authenticity and applicability Plaintiff does not dispute—expressly provides that "[w]e may sell, assign, or transfer your Account or any portion of it without notice to you."[3] *Id. See also* Doc. No. 11-2 at 4. Accordingly, this claim will be dismissed.

Finally, in her Response to the Motion to Dismiss, Plaintiff for the first time asserts that Discover stole her identity, committed securities exchange violations, violated the Privacy Act, engaged in business malpractice, acted unscrupulously, and more. *See* Doc. No. 13. As with her breach of contract theory, she alleges no facts describing how or when Discover supposedly engaged in any of this conduct. In any event, the Court "cannot consider claims raised for the first time in a response to a motion to dismiss." *Doe 9 v. Varsity Brands*, LLC, 679 F. Supp. 3d 464, 480 (D.S.C. 2023) (first citing 2 James Wm. Moore, *Moore's Federal Practice* § 12.34[2] (3d ed. 2022); and then citing *Mylan Labs., Inc. v. Akzo, N.V.,* 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")) (additional citations omitted). Thus, to the extent that Plaintiff is seeking to amend the Complaint to add these claims, the Court will deny that request.

## III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 11) is **GRANTED**; and

2. The Clerk is directed to close this matter in accordance with this Order.

Signed: May 4, 2026

**SO ORDERED ADJUDGED AND DECREED**.

Kenneth D. Bell
United States District Judge

---

[3] The Court may consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015). Here, the Court finds that the Cardmember Agreement, which Plaintiff alleges Discover breached to be integral to the Complaint.