| | |
|---|---|
| PATRICE HOLLIS, | |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| DISCOVER, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff Patrice Hollis' Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), *see* (Doc. No. 20), after the Court granted Defendant's motion to dismiss her Complaint for failure to state a claim. The Court has carefully considered this motion, and for the reasons discussed below, will **DENY** the motion.

Federal Rule of Civil Procedure 60(b) allows a district court to grant a party relief from a final judgment or order in certain circumstances, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new evidence; (3) fraud; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. *Stratton v. Mecklenburg County*, 2012 WL 6194505 *1 (W.D.N.C. Dec. 12, 2012); Fed. R. Civ. P. 60(b). Before a party may seek relief under Rule 60(b), the party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

Rule 60(b)(1)

A "mistake" under Rule 60(b)(1) occurs when "the judge has made a substantive mistake of law or fact in the final judgment or order," as well as where "a party has made an excusable

litigation mistake," and "neglect" includes a party's "inadvertence, mistake, or carelessness, as well as … intervening circumstances beyond the party's control." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). And the Fourth Circuit has defined "excusable" as "an equitable [inquiry], taking account of all relevant circumstances … including the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996)) (internal quotations and additional citation omitted). "The most important … factor[] ... for determining whether 'neglect' is 'reasonable' is the reason for the delay." *Id.* (quoting *Thompson*, 76 F.3d at 534).

However, "excusable neglect" does not include "ignorance of the rules, or mistakes construing the rules." *Thompson*, 76 F.3d at 533 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Likewise, "Rule 60(b)(1) relief is not available to a party who simply misunderstands the consequences of his deliberate acts." *Mills v. E. Gulf Coal Preparation Co., LLC*, No. CIV.A. 5:08-0260, 2011 WL 867477, at *4 (S.D.W. Va. Feb. 22, 2011), *report and recommendation adopted,* No. 5:08-CV-00260, 2011 WL 867350 (S.D.W. Va. Mar. 14, 2011) (quoting *Cashner,* 98 F.3d at 577). *See Ackermann v. United States,* 340 U.S. 193, 198 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."); *El-Bey v. North Carolina*, No. 3:17-cv-272-FDW, 2017 WL 4707034, at *3 (W.D.N.C. Oct. 19, 2017) (declining to grant Rule 60(b)(1) relief where a pro se plaintiff failed to appreciate the consequences of motions he submitted to the court).

Plaintiff identifies no mistake of law or fact in the Court's order dismissing her claims. Moreover, Plaintiff had ample opportunity to amend her pleading: she could have filed (or sought leave to file) an Amended Complaint at any point between initiating this action in June 2025, and the Court's dismissal eleven months later. She also had almost two months between Defendant's filing of the motion to dismiss and the Court's order granting that motion in which she could have attempted to cure the deficiencies asserted by Defendant. Instead, Plaintiff made a "voluntary, deliberate[, and] free" choice to oppose the motion and maintain that her "Complaint contain[ed] sufficient factual allegations … to support [her] claims." Doc. No. 13 at 2.

That the Court ultimately disagreed does not constitute excusable neglect or mistake under Rule 60(b)(1), nor does it excuse Plaintiff's failure to amend or seek leave to amend before judgment was entered. Accordingly, the Court will deny Plaintiff's request for relief under Rule 60(b)(1).

Rule 60(b)(6)

Finally, Rule 60(b)(6) is "available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Relief under this catch-all provision is appropriate only when necessary to "accomplish justice." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citations and internal quotation marks omitted). Absent "truly extraordinary circumstances, however," such consideration cannot overcome the "fundamental principle of finality of judgments." *Golden Corral Corp. v. Illinois Union Ins. Co.*, No. 25-1682, --- F.4th ---, 2026 WL 2035399, at *1 (4th Cir. July 15, 2026). "Our common law system" depends upon finality to ensure that parties may move forward once their dispute had been adjudicated. *Id.* "Finality of judgments [likewise] permits our case law to develop without unwarranted disruption." *Id.* This "rigorous standard applies [even] when a Rule 60(b)(6) movant seeks to reopen a case for the

purpose of filing an amended complaint." *BLOM*, 605 U.S. at 206. Here, Plaintiff identifies no such extraordinary circumstance, and her request for relief under Rule 60(b)(6) will therefore be denied.

Accordingly, because Plaintiff has not demonstrated entitlement to relief under Rule 60(b),[1] her Motion for Relief from Judgment will be denied.

## I. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 20) is **DENIED;** and

2. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 17, 2026

Kenneth D. Bell
United States District Judge

---

[1] Although Plaintiff cites Rule 60(b)(3) as an additional basis for relief, she offers no facts or argument to support its application. Because Plaintiff has not carried her burden to show fraud, misrepresentation, or misconduct warranting relief under Rule 60(b)(3), the request is denied.

4